IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Carl Michaels, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18 CV 00320 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Dr. David Ludford, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

For the reasons set forth below, the motion for partial summary judgment filed by defendants Ludford, Chamberlain, and Wexford Health Sources, Inc. [50], is granted. Defendant Wexford Health Sources, Inc.'s motion to stay pleadings and set a *Pavey* hearing [29] is denied as moot. This case is terminated.

### STATEMENT-OPINION

Plaintiff Carl Michaels, formerly an inmate at Dixon Correctional Center and currently on parole, brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights and alleged violations of state law. Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs in relation to treatment for glaucoma and macular degeneration. Defendants Dr. David Ludford, Dr. Tim Chamberlain, and Wexford Health Sources, Inc., filed a motion for partial summary judgment on plaintiff's alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act on December 6, 2018 [50].[1] Plaintiff filed a response to the motion on February 13, 2019 [63], and defendants filed a reply to the response on March 13, 2019 [67]. The matter is now ready for the court's review.

**FACTS**

The following facts are taken from the parties' Local Rule 56.1 statements of facts.

Plaintiff, currently on parole, was an inmate in the custody of the Illinois Department of Corrections at Dixon Correctional Center ("Dixon") in Dixon, Illinois. Defendant Ludford is an optometrist employed by Wexford Health Sources, Inc. ("Wexford") and formerly worked at Dixon. Defendant Chamberlain is a physician who was formerly employed by Wexford as medical director

---

[1] Defendant Dr. Edward P. Hanlon was dismissed as a party by stipulation on February 22, 2019. *See* [65]. The court dismissed the remaining (unserved) defendants on July 11, 2019 [73].

at Dixon. Defendant Wexford provides medical services to inmates at various prisons in Illinois, including Dixon.

**Grievance #1**

On or about June 19, 2017, plaintiff filed a grievance ("Grievance #1") complaining about treatment for his glaucoma, macular degeneration, and cataracts. Grievance #1 referenced an approval for surgery to address these conditions dating back to 2009. Despite plaintiff's request for emergency review of Grievance #1, on June 28, 2017, it was deemed to not be an emergency and plaintiff was instructed to follow the normal course of pursuing a grievance. Plaintiff sent Grievance #1 directly to the Administrative Review Board ("ARB"). On July 26, 2017, the ARB received Grievance #1. On July 31, 2017, Sherry Benton ("Benton")[2] returned Grievance #1 to plaintiff requesting he provide (1) his original written Offender's Grievance, DOC 0046, including the counselor's response, (2) a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, if timely, and (3) the dates of when the incidents at issue in the grievance occurred, noting they needed to be within 60 days of the date on the grievance. Benton further stated that plaintiff was required to provide this additional information within the timeframes set forth in the Illinois Administrative Code. Grievance #1 did not contain any dates regarding treatment for his glaucoma, macular degeneration, and cataracts that occurred within 60 days prior to June 19, 2017.[3]

**Grievance #2**

On or about August 27, 2017, plaintiff sent Benton a correspondence that included Grievance #1 and two medical records (Grievance #2). Plaintiff did not include in his correspondence the information Benton requested on July 31, 2017. Plaintiff also did not include any dates of treatment that occurred within 60 days of the date of his Grievance #1.[4] On September 11, 2017, Benton returned Grievance #2 to plaintiff and again requested the same documents she previously requested regarding Grievance #1. She again advised plaintiff that he must provide her with the dates of when the incidents at issue in the grievance occurred and that those dates needed to be within 60 days of the date on the grievance. (*See* fn. 4 for plaintiff's response to this fact.)

**Grievance #3**

---

[2] Benton is a chairperson with the Office of Inmate Issues for the Illinois Department of Corrections. As an ARB chairperson, Benton's duties include reviewing and responding to grievances filed by inmates.
[3] Plaintiff "denies" this fact in his response to defendants' statement of material facts by stating "Plaintiff's condition was ongoing or continuing in nature." However, the court does not see how that statement is a denial of the fact that "Grievance #1 did not contain any dates…within 60 days prior to June 19, 2017."
[4] Plaintiff "denied" this fact in his response to defendants' statement of material facts by stating "Plaintiff provided sufficient documentation concerning ongoing condition." However, the court does not see how that statement is a denial of the fact that plaintiff did not include the requested information in his August 27, 2017 correspondence to Benton. Moreover, plaintiff's response is argumentative and improper. *Dale v. Poston*, 548 F.3d 563, 568-69 (7th Cir. 2008).

On September 28, 2017, plaintiff sent another correspondence to Benton (Grievance #3), including his Grievance #1, his counselor's response to Grievance #1 (dated August 1, 2017), his grievance officer's response to Grievance #1 (dated September 29, 2017), and the previous response Benton provided to plaintiff's Grievance #2. The ARB (Benton) received this correspondence and attachments on October 10, 2017. On October 24, 2017, Benton responded to plaintiff's Grievance #3, noting that plaintiff still had not provided her the information that she had previously requested, namely dates of an occurrence within 60 days preceding the filing of his June 19, 2017 Grievance #1. (*See* fn. 4 for plaintiff's response to this fact.) On that same day, Benton rejected plaintiff's Grievance #3 as not timely. She noted that plaintiff's grievance did not comply with 20 Ill. Admin. Code § 504.810(a) insofar as plaintiff had not provided her with the date of any incident within 60 days preceding his grievance. Because plaintiff failed to provide all the information Benton requested on July 31, 2017, Benton was unable to determine whether plaintiff's grievances were timely under 20 Ill. Admin. Code § 504.810(a). (*See* fn. 4 for plaintiff's response to this fact.)

**SUMMARY JUDGMENT STANDARD**

On summary judgment, defendant argues plaintiff failed to exhaust his administrative remedies regarding his complaints of medical care by failing to provide the ARB with information it requested to determine the timeliness of his grievance. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (citation omitted). If the non-moving party "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' summary judgment must be granted." *Blow v. Bijora, Inc.*, 855 F.3d 793, 797-98 (7th Cir. 2017) (citation omitted).

**ANALYSIS**

The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "is 'mandatory'" and "a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

To exhaust administrative remedies, an inmate must use "'all steps that the agency holds out,' and he must 'do[ ] so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002));

3

*Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). "Grievances are intended to '[allow prisons] to address [issues] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record.'" *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)).

The grievance procedures for Illinois prisoners are set out in 20 Ill. Admin. Code § 504.800, et seq. Relevantly, "[a] grievance must be filed with the counselor or Grievance Officer…within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. . . . The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." 20 Ill. Admin. Code § 504.830(e).

"If, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the (Illinois Department of Corrections) Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the (CAO's) decision." 20 Ill. Admin. Code § 504.850(a). The ARB may interview witnesses and/or examine records at its discretion to address the appeal. § 504.850(c). "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations. The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance." § 504.850(d)-(e).

Exhaustion is an affirmative defense and the burden is on the defendant to prove by a preponderance of the evidence that an administrative remedy was available to the plaintiff and that the plaintiff failed to exhaust that remedy, *Jones v. Dart*, No. 14 C 1929, 2016 WL 1555588, at *2 (N.D. Ill. Apr. 18, 2016) (Kendall, J.) (collecting cases).

The record in this case establishes that plaintiff filed a grievance in which he complained of suffering from very serious eye diseases and the facility's failure to provide him with eye surgery that had been approved in 2009 – eight years prior to the filing of the grievance. Plaintiff made three attempts to send this grievance to the ARB (Benton) for review. Each time it was returned to plaintiff with instructions to provide Benton with statutorily required documents as well as the inclusion of any dates of treatment that occurred within 60 days of the date of his June 19, 2017 grievance. Plaintiff failed to provide Benton with any dates of the occurrences giving rise to his grievance. Without this required information, Benton was unable to review plaintiff's grievance and was unable to determine whether or not plaintiff's grievance was timely.

For his part, plaintiff notes "[w]here prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox*, 655 F.3d at 722. Plaintiff argues that while the ARB rejected plaintiff's grievance on procedural grounds, it had previously been reviewed and considered on the merits by prison officials

4

and, thus, he has met his requirement of administrative exhaustion. He relies on *Smith v. Alverez*, 898 F. Supp. 2d 1057 (N.D. Ill. Oct. 15, 2012) (Bucklo, J.) for this argument. However, unlike the facts presented here, in *Smith*, plaintiff's grievance was addressed on the merits at every stage of review. *Id*. at 1063. The issue of the timeliness of Smith's grievance was first presented by the defendants in the litigation. Under 20 Ill. Admin. Code § 504.830(a)(3), "[g]rievances on issues that are deemed without merit may be returned as denied to the sender without further investigation. No merit grievances include grievances that…[a]re not filed timely." Plaintiff's argument that his grievance was addressed on the merits is unpersuasive.

Plaintiff argues in the alternative that the prison administration made the administrative remedy process "unavailable" to him. As noted by plaintiff, "a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In support of his argument, plaintiff brings to the court's attention a 2011 grievance that was never responded to and ultimately denied by the ARB.[5] He also argues that because his 2017 grievance was styled as an "emergency grievance," providing Benton dates of occurrence within 60 days of the grievance (as required by the statute) would be "unnecessary"; therefore, Benton's subsequently denial of his grievance on these procedural grounds "prevented him from completing the process." Plaintiff further argues the process was unavailable to him because Benton ignored his argument of "continuing conduct and injury" and the fact that he is not required to file multiple grievances on the same issue.[6] He argues the continuing nature of his injury would qualify as "good cause" for failing to timely file his grievance.[7] The court finds these arguments to be without merit. First, plaintiff's 2011 grievance is irrelevant to this action. There is no evidence defendants Ludford or Chamberlain worked for Wexford in 2011 or had any contact with plaintiff during that time. Additionally, according to the facts, plaintiff sent his 2011 grievance to the ARB after not receiving a response from the grievance officer; like his 2017 grievance, the ARB denied the grievance because plaintiff did not provide the required documents. The court does not find this to meet the requirements of "unavailability." Second, the fact that plaintiff's 2017 grievance was styled as an "emergency" does not relieve plaintiff of following the process, and the administrative code does not provide for such a relief. Likewise, plaintiff's argument that his injury was continuing in nature, does not discharge him for complying with the statute that requires offenders to provide a time frame for the injury. The statute is clear the grievance "must be filed…within 60 days" of the occurrence. 20 Ill. Admin. Code § 504.810(a). If this requirement could be waived through arguments like those presented here by plaintiff, the rule would become meaningless. More to the point, plaintiff cannot show that prison employees failed to respond to his grievance or used affirmative misconduct to prevent him from exhausting his administrative remedies. Therefore, the court does not find that the process was "unavailable" to plaintiff.

---

[5] In plaintiff's complaint, the facts addressing plaintiff's 2011 grievance involve defendants who have now been dismissed.

[6] "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

[7] "[I]f an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered." 20 Ill. Admin. Code § 504.810(a).

5

Finally, the court agrees with defendants that a *Pavey*[8] hearing is not required. The court does not find there are material factual discrepancies in the record and finds the issues here are founded in law. To the degree plaintiff has disputed some material facts presented by plaintiff, the court finds these disputes are not genuine (*see* fns. 3 & 4).

**CONCLUSION**

For the foregoing reasons, defendants' motion for partial summary judgment [50] is granted. Defendant Wexford Health Sources, Inc.'s motion to stay pleadings and set a *Pavey* hearing [29] is denied as moot. Given that there are no remaining claims or defendants in this action, the case is dismissed in its entirety. Final judgment shall enter.

Date: 07/30/2019            ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)

---

[8] *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).